## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JAMES WILLIAM WATERS         *

     Petitioner               *

         v                   *         Civil Action No. DKC-13-2765
                                          (Related Crim. Case DKC-11-305)

UNITED STATES OF AMERICA       *

     Respondents            *

                               ***
## MEMORANDUM OPINION

Pending is Respondent's Motion to Dismiss the above-captioned Motion to Vacate. ECF No. 39. Respondent asserts the Motion to Vacate is untimely; Petitioner has filed a Response asserting entitlement to equitable tolling of the filing deadline. ECF No. 42. A hearing is unnecessary for dispositive review. *See* Rule 8(a), *Rules Governing Section 2255 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011).

### Background

Petitioner James William Waters ("Waters") was indicted on June 2, 2011, on one count of possession with intent to distribute controlled substances in violation of 21 U.S.C. §841. On April 30, 2012, Waters plead guilty and on June 18, 2012, he was sentenced to serve 100 months imprisonment with four years of supervised release. Waters did not file a direct appeal. Waters' Motion to Vacate pursuant to 28 U.S.C. §2255 was filed on September 14, 2013,[1] more than fourteen months after Waters' conviction was final.

In his Motion to Vacate, Waters alleges that his trial counsel was ineffective for failing to object to the use of a prior state conviction for possession dated July 6, 2001, and a second-

---

[1] Waters' motion is deemed filed the date it was signed and, presumably, submitted to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988).

degree assault conviction for which Waters was not represented by counsel for purposes of sentencing guidelines. Additionally, Waters asserts that counsel was ineffective for failing to file a direct appeal. ECF No. 36-1 at pp. 3 – 12. Waters asserts that there was a miscalculation of the advisory guidelines range because this court adopted an erroneous presentence report. He alleges that those errors impacted the fundamental fairness of the sentencing hearings. *Id.* at p. 13.

## Standard of Review

Under the provisions of 28 U.S.C. §2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002), *citing Harris v. Hutchinson*, 209 F. 3d 330 (4th Cir. 2000). As previously explained by this court, to be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or

that circumstances beyond his control caused the delay. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*.

Waters asserts that he is entitled to equitable tolling of the one year filing deadline and in support states that he contacted the Clerk of this court on June 25, 2012, who instructed him to rely upon appointed counsel for further information "referring to direct appeal of his case." ECF No. 42. He states that he requested trial counsel to file a direct appeal in his case on June 18, 2012, the date he was sentenced, and requested that counsel raise discrepancies in the presentence report as a basis for the appeal. He claims that he attempted to contact counsel on several occasions, but was never able to talk directly with counsel. Waters further asserts that he filed the instant Motion to Vacate under the assumption that a direct appeal was filed and that he was unaware of the fact his motion would be untimely. *Id*.

Waters argues that the Clerk's advice to rely on counsel for purposes of his direct appeal was government error and characterizes the advice as deception and misconduct that prevented him from filing a timely motion. *Id*. at p. 3. He further asserts that trial counsel abandoned him and that he has not heard from counsel since he was sentenced. Waters claims that he was lulled into inactivity, but diligently filed a 2255 motion despite that fact.

## Analysis

Waters is correct that failure to file a direct appeal when requested to do so by a criminal defendant is ineffective assistance of counsel. The failure to file a direct appeal alone, however, does not excuse the delay in filing a Motion to Vacate. *See Harris*, 209 F. 3d at 331 (mistake by counsel in interpreting statute of limitations is not extraordinary circumstance beyond party's control). Waters' attempt to characterize instruction from the Clerk's office to contact his

attorney concerning his direct appeal as deceptive must also fail. He contacted the Clerk's office shortly after he was sentenced, presumably to inquire as to the status of his appeal. The advice to direct his inquiry to his counsel was proper and provided Waters with no basis to believe that no further action was required on his part. Indeed, Waters states that he continued to attempt to contact counsel following his conversation with Clerk's office staff. What Waters does not explain is why he continued to believe that an appeal was filed on his behalf when he never spoke with counsel and never received information leading him to believe an appeal was filed.

While Waters states that he filed the instant 2255 motion believing his appeal had been filed, the claims raised in the motion belie that assertion. *See* ECF No. 36-1 at pp. 11 – 12 (claim that counsel was ineffective for failing to file a notice of appeal). It is clear that Waters knew the direct appeal was not filed on his behalf; thus, his claim that he erroneously relied on trial counsel is unsupported by the record. Moreover, Waters' claims that he was both abandoned by counsel and lulled into inaction because he believed his direct appeal was pending are contradictory and provide no justification for the untimely filing of his Motion to Vacate. This court therefore finds that Waters has not presented a sufficient basis for equitable tolling of the limitations period.

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the court will dismiss the motion as untimely in a separate Order which follows. When dismissal of a Motion to Vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,*

529 U.S. 473, 484 (2000)).  Waters has not made such a showing, therefore, a Certificate of

Appealability will not issue.

       A separate Order follows.


<u>December 18, 2013</u>                _____/s/_____
Date                                        DEBORAH K. CHASANOW
                                        United States District Judge